EVE CORPORATION & another[1] *vs.* LICENSE COMMISSION FOR THE CITY OF WORCESTER. June 9, 1977. The plaintiffs seek a declaration that two rules promulgated by the defendant License Commission for the City of Worcester (commission) are unconstitutionally vague and overbroad. Eve Corporation (Eve), which operates a club at which liquor is sold, was ordered by the commission to discontinue dancing performances which it was presenting on the premises because absent a license such performances violated G. L. c. 140, § 183A, and said rules. The plaintiff Mary Hess (Hess) allegedly lost her job as a dancer as a result of the commission's order. Although Eve made informal inquiries concerning the securing of a license, it filed no formal application as required by § 183A. The action was tried in the Superior Court on a statement of agreed facts, and judgment was entered for the commission. While this appeal was pending, Eve did make formal application for a license, and the license was granted subject to certain restrictions which Eve found satisfactory. Declaratory relief may be sought only where an "actual controversy" exists, G. L. c. 231A, § 1, and where there has been a prior resort to administrative remedies unless such action "would be futile." G. L. c. 231A, § 3, as amended by St. 1974, c. 630, § 2. The Superior Court judge ruled that the plaintiffs had not complied with this latter requirement because they failed to file a written application as required by law. We conclude that this ruling was plainly correct, especially in light of subsequent developments. Moreover, an "actual controversy" no longer exists, *Clinton Hous. Auth.* v. *Finance Comm. of Clinton,* 329 Mass. 495, 498 (1952), and, therefore, the parties are not entitled to a constitutional ruling even though the validity of the regulations is still disputed. *Cole* v. *Chief of Police of Fall River,* 312 Mass. 523, 526

---

[1] Mary Hess.

Rescript Opinions.

(1942), appeal dismissed sub nom. *Cole* v. *Violette,* 319 U.S. 581, reh. denied, 320 U.S. 810 (1943). *Commonwealth* v. *Gustafsson,* 370 Mass. 181, 185-186 (1976). While we believe that the plaintiffs' claim for damages has been waived, see Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975), it is at any rate barred for, absent an allegation of bad faith, public officers are immune from suit for damages arising from decisions made within the scope of their duty. *Gildea* v. *Ellershaw,* 363 Mass. 800, 820 (1973). Since Hess has not argued her claim separately or distinctly from Eve, we need not decide whether she has an independent stake in the controversy sufficient to be a proper party to this action. See *Povey* v. *School Comm. of Medford,* 333 Mass. 70, 71 (1955).

*Judgment affirmed.*

*Burton Chandler* for the plaintiffs.

*David B. Williams,* Assistant City Solicitor, for the defendant.