JAMES J. ZEGOUROS *vs.* CITY COUNCIL OF FITCHBURG.

Middlesex. April 9, 1980. — September 2, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Practice, Civil,* Parties, Relief from judgment. *Governmental Immunity. Jurisdiction,* Civil rights. *Municipal Corporations,* Officers and agents. *Public Officer.*

Where a plaintiff brought an action against the members of a city council and, after the defendants were defaulted, the judge awarded damages for a violation of the plaintiff's rights under 42 U.S.C. § 1983 (1970) even though a claim under that statute had not been alleged in the complaint, and where an appeal from the judgment was taken by the city even though the city was not a party, the judgment and defaults were vacated and the case remanded to permit the parties to take such action as required to raise properly the issues and defenses. [424-431]

CIVIL ACTION commenced in the Superior Court on October 3, 1974.

The case was heard by *Young, J.,* on a master's report.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Timothy S. Hillman,* City Solicitor, for the defendant.
*Paul L. Tariot* for the plaintiff.

QUIRICO, J. By his complaint filed in the Superior Court on October 3, 1974, the plaintiff alleged that on December 18, 1973, the city council of the city of Fitchburg revoked a permit held by him to store gasoline on land which he owned; and that the revocation was accomplished in an arbitrary and capricious manner and in violation of prescribed statutory procedures. The relief sought by the plaintiff included the setting aside of the revocation and an award to him of "damages as may be ascertained by the Court result-

ing from the inability to [engage in] business" by reason of the revocation.

The case is before us on an appeal by the city of Fitchburg from a judgment for the plaintiff, after default by the defendants and assessment of damages by a master. We order the judgment vacated and the case remanded to the Superior Court for further proceedings.

The complaint names as defendants eleven persons, whose names were given, and who were described as holding "positions as City Councillors, collectively comprising the Board of City Council of said City." On January 20, 1975, the plaintiff made a written request to the clerk for the entry of a default against the "defendant, Board of City Council of Fitchburg, pursuant to Rule 55 (a) for its failure to plead or otherwise defend." The request was accompanied by an affidavit alleging that the "defendant" had been served and had failed to file an answer within the required time. The affidavit alleged that "the defendant is a municipal corporation." This is the first of several indications in the record and in later proceedings that the plaintiff thought or believed, albeit mistakenly, that he had brought the action against the city of Fitchburg. The city is a municipal corporation, but neither "the Board of City Council of said City," nor the members of the city council individually or collectively constitute a corporate entity. Although there is nothing in the docket entries or in the record before us indicating that any default or default judgment was entered pursuant to the written request therefor, counsel for the defendants apparently believe that such an entry had been made as will appear below.[1]

While the case was in the status described above, the city restored the plaintiff's license on May 23, 1975.

---

[1] Under Mass. R. Civ. P. 55 (b) (1), 365 Mass. 822 (1974), a default judgment may be entered by the clerk "[w]hen the plaintiff's claim . . . is for a sum certain or for a sum which can by computation be made certain." This was not such a case, and it is therefore subject to rule 55 (b) (2) which provides that "[i]n all other cases the party entitled to a judgment by default shall apply to the court therefor." If a default judgment was entered in this case, we do not know by whom it was entered.

On September 12, 1975, an assistant city solicitor of the city of Fitchburg filed a motion in behalf of the "defendant board" to dismiss the action for some alleged defect in process or deficiency in its service. The motion was "denied without prejudice." On March 19, 1976, the defendants filed a motion under Mass. R. Civ. P. 55 (c), and 60 (b) (6), 365 Mass. 823, 828 (1974), to set aside the default and for "relief from any judgment entered thereon."[2] No ground for the motion was stated therein, and no affidavit was filed therewith. On the same date, the motion was heard and denied.

The case then lay dormant until April 6, 1978, when it was referred to a master for the assessment of damages. The master, after receiving evidence, filed a report on November 7, 1978, in which he assessed damages of $48,000 due the plaintiff for profits lost by reason of having been prevented from operating his gasoline station during the period when the city deprived him of his license for that business. When the plaintiff moved for judgment on the master's report, the judge, on January 2, 1979, confirmed the report as correct in every respect but then, noting that the city had returned the plaintiff's license, he denied the plaintiff any damages because of the doctrine of governmental immunity, citing the basic decision in *Bolster* v. *Lawrence,* 225 Mass. 387, 390 (1917). The judge referred to the decisions of this court in *Morash & Sons* v. *Commonwealth,* 363 Mass. 612 (1973), and *Whitney* v. *Worcester,* 373 Mass. 208 (1977), and then noted that in responding or reacting to those decisions the Legislature had made major changes in the doctrine of governmental immunity. These changes were accomplished by the enactment of St. 1978, c. 512, and § 16 thereof provided that the statute was to apply to

[2] Rule 60 (b), 365 Mass. 828 (1974), lists various specific reasons for relief from a final judgment in parts (1) through (5) thereof, and then concludes with "(6) any other reason justifying relief from the operation of the judgment." The motion referred only to "M.R.C.P. 60 (b) (6)" without more.

all causes of action arising on or after August 16, 1977, which was the date of the *Whitney* decision.

Although the judge's decision of January 2, 1979, in which he confirmed the master's report, seemed to contemplate the entry of a judgment for the defendants on the damages issue at least, no such judgment was entered. The next development in the case was that on March 12, 1979, the plaintiff filed a motion contending that the judge had applied an incorrect rule of law and that in view of the default of the defendants the judge should have determined whether the complaint stated a cause of action for monetary damages. The plaintiff further contended that it did state such a cause of action and asked the judge to amend his decision and order a judgment for the plaintiff in the amount of damages found by the master. The motion does not describe or identify the nature of the claim on which the plaintiff relies for entitlement to damages.

The judge treated the plaintiff's motion as one "seeking, in effect, reconsideration of the earlier order for judgment in Fitchburg's favor." While we have no transcript of the hearing on the motion, it appears from the judge's decision thereon that the plaintiff advanced two claims: (a) that his claim came under an exception to the doctrine of municipal immunity, and (b) that his complaint was sufficient to state a claim for relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 (1970).[3] The judge, in his decision dated April 2, 1979, rejected the first theory based on Massachusetts law, and held in favor of the plaintiff on the second theory based on the Federal statute. The reasoning on which the judge changed his prior decision and instead ordered that a judgment be entered awarding money dam-

---

[3] United States Code tit. 42, § 1983 (1970), provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

ages to the plaintiff is contained in the following language of his decision of April 2, 1979: "The second theory, however, is compelling. Zegouros suggests his complaint states a cause of action under 42 U.S.C. 1983. Upon reflection, I agree. On June 6, 1978, the Supreme Court, in *Monell* v. [*Department of Social Servs. of the City of N.Y.*, 436 U.S. 658 (1978)] overruled *Monroe* v. *Pape*, 365 U.S. 167 (1961), which had held municipalities exempt from suits under 42 U.S.C. § 1983. *Monell* holds that when it is official government policy that constitutes the violation of section 1983, a municipality is subject to suit under that section [footnote omitted]. Here the denial of the storage permit in question is a quintessential government policy decision. Moreover, enough is here alleged to support a cause of action for a denial of due process. See *Gaffney* v. *Silk*, 488 F.2d 1248 (1st Cir. 1973). Thus, since the elements of a Section 1983 action have been pleaded, this theory must be allowed to go to judgment although the section is not explicitly mentioned in the complaint. *Rzeznik* v. *Chief of Police of Southampton*, [374 Mass. 475, 484 n.8 (1978)].

"It follows that the memorandum of decision of January 2, 1979 must be, and is now, altered to conclude that the plaintiff Zegouros has stated a cause of action and judgment will therefore enter for the plaintiff Zegouros in the amount of $48,000.00."

The judge's amended decision was followed by a judgment entered on April 10, 1979, which "Ordered and Adjudged, that the plaintiff, JAMES J. ZEGOUROS, recover of the defendant, BOARD OF CITY COUNCIL OF FITCHBURG, the sum of [$48,000], with interest thereon as provided by law, and his costs of action." It is to be noted that this judgment orders payment by "the defendant, BOARD OF CITY COUNCIL OF FITCHBURG" which we have observed early in this opinion is not a legal entity, and that it does not run against the city of Fitchburg.

Finally, the only appeal taken in this case is one filed on May 9, 1979, and which states that "the City of Fitchburg, the above-named Defendant, appeals to the Massachusetts

Appeals Court from the final judgment entered in this ac-
tion on April 10, 1979." The case was transferred to this
court on our own motion. It is to be noted here that the city
purports to appeal from a judgment in a case to which it is
not a party, and that none of the eleven individual defend-
ants who were members of the city council has claimed an
appeal.

The proceedings which we have discussed in some detail
above and which have brought this appeal to this court can
best be described as an enigma, or a series of enigmas, sum-
marized as follows. The plaintiff has sued the eleven
members of the City Council of the city of Fitchburg, but
he has not sued the city. At some stages of the proceedings
the plaintiff appears to take the position that the "Board of
City Council" of the city of Fitchburg is the legal equivalent
of the city of Fitchburg. We hold that it is not. The plain-
tiff has recovered a judgment against "the defendant, Board
of City Council of Fitchburg," for $48,000, and he appears
to assume that the judgment is enforceable against, and col-
lectible from, the city of Fitchburg, a position which we
need not now decide, but which we believe we may fairly
characterize as questionable. The eleven individual de-
fendants ended up being defaulted for failure to file an
answer, the reason for the failure not appearing in the
record. Ultimately an assistant city solicitor sought without
success to have the default removed. The judge in his
amended decision of April 2, 1979, states that as a result of
the decision in *Monell* v. *Department of Social Servs. of the
City of N.Y.*, 436 U.S. 658 (1978), "when it is official
government policy that constitutes the violation of section
1983, a municipality is subject to suit under that section."
That is followed by the entry of the judgment for money
damages against the "BOARD OF CITY COUNCIL OF
FITCHBURG" and the resulting appeal therefrom by the
"City of Fitchburg." No party ever moved to add the city of
Fitchburg as a party to the case.

It is doubtful whether the plaintiff, when he entered his
complaint in 1974, intended to make a claim against the

eleven councillors in their individual capacities, or that the parties ever considered whether such individual liability was involved under the principles discussed by this court in *Gildea* v. *Ellershaw*, 363 Mass. 800 (1973). It would seem quite clear that when the plaintiff entered his complaint in 1974 he did not intend to allege a claim against the city of Fitchburg under 42 U.S.C. § 1983 (1970) since municipal liability under that part of the Civil Rights Act was not recognized to exist until after the decision in the *Monell* case, *supra*, in 1978. There was no amendment to the original complaint to indicate that it was intended to state a claim under 42 U.S.C. § 1983 (1970) as interpreted by the *Monell* decision.

The record which the parties have placed before us in this case leaves much to be desired, and it is not adequate to enable us to make an intelligent decision on the important issues involved. Without attempting to allocate the responsibility for this situation, we believe that the best approach toward the ultimate accomplishment of justice between all parties concerned requires that we (a) vacate the judgment entered on April 10, 1979, and any defaults entered prior thereto, (b) vacate the judge's decision of January 2, 1979, and the amendment thereto on April 2, 1979, (c) vacate the judge's order of January 2, 1979, confirming the master's report, and also the order of April 6, 1978, referring the case to the master, and (d) remand the case to the Superior Court, thereby enabling the parties to take such action as they may deem necessary for the addition of parties, the amendment of pleadings, the filing of answers and for the pursuit of any other action required to raise the issues and defenses for proper presentation to, and decision by, that court.

In view of the fact that we are remanding the case to the Superior Court for the purposes stated above, it is not necessary for us to decide whether the allegations of the original complaint in this case are sufficient to state a claim for relief under 42 U.S.C. § 1983 (1970), as interpreted and applied in the *Monell* decision, *supra*, and the more recent decisions

in *Owen* v. *Independence,* 445 U.S. 622 (1980), and *Gomez* v. *Toledo,* 446 U.S. 635 (1980). Nor is it necessary for us to decide now whether or to what extent the rule of the *Monell* decision of 1978 is to be applied retroactively. All of these questions can be raised in the Superior Court, and if the case comes to this court again, hopefully it will reach us on a much improved record.

The judgment of the Superior Court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

*So ordered.*