Marina TOMAN, PPA., and Kurt
Toman, Plaintiffs,

v.

UNDERWRITERS LABORATORIES,
INC., Defendant and Third
Party Plaintiff,

v.

MORRIS STRUHL, INC., Superior Electric Products, Inc., Kurt Toman and
Ludmila Toman, Third-Party Defendants and Fourth-Party Plaintiffs,

v.

Marina TOMAN and Kurt Toman,
Fourth-Party Defendants.

Civ. A. No. 78–1915–MC.

United States District Court,
D. Massachusetts.

March 2, 1982.

**1018**

Edward M. Swartz, Swartz & Swartz, Boston, Mass., for plaintiffs.

Peter D. Cole, Badger, Sullivan, Kelley & Cole, P. C., Boston, Mass., for Struhl.

Harvey Weiner, Peabody & Arnold, Boston, Mass., Francis J. Higgins, John J. Verscaj, Chicago, Ill., for defendant and third party plaintiff.

Peter L. Puciloski, Sugarman, Rogers, Barshak & Cohen, Boston, Mass., for Superior Elec. Products, Inc.

### MEMORANDUM AND ORDER

McNAUGHT, District Judge.

In this action Marina Toman seeks to recover for injuries which she suffered on April 27, 1972, when a "Chic" hairdryer ignited her bedding and clothing. The hairdryer was manufactured by Superior Electric Products, Inc. (Superior), distributed by Morris Struhl, Inc. (Struhl) and allegedly tested and certified by Underwriters Laboratories, Inc. (UL).

The plaintiff sued Superior and Struhl for damages in the United States District Court. On May 23, 1978, during trial before Judge Skinner, those suits were settled by payment of $900,000 to Toman by Struhl and Superior. Toman gave a release to those two parties which discharged their liability to the plaintiff and which agreed to indemnify them against loss from any and all further claims "made or brought . . . by the said Marina Toman or anyone on her behalf . . .".

Plaintiff then brought this action against UL alleging negligence in the inspection, testing, and certification of the hairdryer in question. Plaintiff further alleges that UL negligently performed professional services and promulgated inadequate standards in connection with its testing of hairdryers.

UL brought a third-party complaint seeking indemnification from Struhl and Superior for any judgment which might be returned against UL. UL also brought a third-party complaint against Ludmila Toman, mother of Marina Toman, seeking indemnification from her alleging that the injuries suffered by Marina Toman were the result of her mother's carelessness or negligence.

Superior then brought a fourth-party complaint against Kurt and Marina Toman seeking indemnification based on the release given to Superior by the Tomans.

Hearing was held on (1) UL's motion for summary judgment, (2) Struhl's motion to dismiss, and (3) Superior's motion for summary judgment on Counts I and III of the third-party complaint.

*UL's Motion for Summary Judgment*

UL contends that the hairdryer which allegedly caused the plaintiff's injuries was not manufactured in accordance with UL requirements and was not eligible for nor did it have a UL listing. Plaintiffs, says UL, tried the first case before Judge Skinner on the theory that the hairdryer was *not* UL approved. They are now taking an inconsistent factual position, according to UL, in attempting to show that the hairdryer was approved by UL. In support of its contention, UL points to testimony of plaintiffs' expert witness at the first trial and to assertions of plaintiffs' counsel at that time to the effect that the hairdryer did not pass UL tests and did not have a UL label affixed to it.

UL seeks to invoke the doctrine of "judicial estoppel" which prohibits a party to litigation from assuming a position, usually as to facts, inconsistent with that taken in prior litigation. 1B J. Moore, Moore's Federal Practice, ¶ 0.405[8] (2d ed. 1980).

■ That rule has had varied application. *See id.* at 766–773. Absent the existence of a dispute between the same parties, or reliance or change of position by the party seeking to invoke judicial estoppel, the doctrine will not be applied. UL was not a party to the first suits. It has not given up anything to the plaintiffs, nor has it even argued that it relied upon the position taken by the plaintiffs in the previous suit. It does not appear that the plaintiffs are attempting to play "fast and loose" with this court, *Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510, 513 (3rd Cir. 1953). I accept the representation of counsel for the plaintiffs that his earlier position was a sincere attempt to force the defendants in that case to prove the position they had taken in defense.

For those reasons, UL's motion for summary judgment must be denied.

*Struhl's Motion to Dismiss and Superior's Motion for Summary Judgment*

In its third-party complaint against Struhl and Superior, UL seeks indemnification under both the common law (Count I) and the Listing Agreements between UL and those defendants (Count III).[1]

■ The complaint of the plaintiffs in this action seeks recovery against UL only for UL's actions; it does not seek to impose liability upon UL for acts of either Struhl or Superior. My reading of the complaint, in particular Paragraph 9, is that UL is liable because it "negligently developed, established and promulgated safety standards and specifications"; "negligently inspected, tested and examined the hairdryer involved"; "negligently endorsed, certified and approved said product and negligently permitted their label and seal to be used on

said hairdryer ... when the defendant knew or reasonably should have known that said hairdryer was inherently hazardous and unsafe"; and "negligently failed to perform and provide professional services in compliance with applicable professional standards". It is clear to me that UL can be held liable only for its own negligence, not vicariously for that of Struhl or Superior. For that reason UL does not meet the general rule that a party is entitled to indemnification from another party for damages awarded against the first party in a negligence action only if that party is entirely free from negligence and defends solely and exclusively the act of the indemnitor. *Ford v. Flaherty*, 364 Mass. 382, 305 N.E.2d 112 (1970); *Stewart v. Roy Bros. Inc.*, 358 Mass. 446, 265 N.E.2d 357 (1970). Here, UL is called upon to defend only its own actions and not those of either Struhl or Superior.

■ The "actual/constructive" negligence exception to the general rule is not applicable to this action. That exception gives a right of indemnity to a party who incurs tort liability as a result of the tortious acts of another. Application of the exception has been limited. *See Stewart v. Roy Bros. Inc.*, 358 Mass. 446, 265 N.E.2d 357 (1970). Indemnity, however, "is permitted only when one does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another". *Id.* at 459, 265 N.E.2d at 365. Whatever liability UL may incur would have to be based on UL's own acts or omissions, not those attributable to Struhl or Superior. UL, therefore, is not entitled to common law indemnity.

Citing provisions of the Listing Agreements between UL and Superior and Struhl, UL contends it is entitled to indemnification from the third-party defendants. I am not at all sure that the Listing Agreements cited by UL are applicable to the hairdryer in question. Assuming, however, without so deciding, that the provisions cit-

---

1. Count II, seeking contribution from Struhl and Superior, was withdrawn by UL prior to the hearing on these motions.

ed by UL are applicable, UL is still not entitled to indemnification. The agreement states, in relevant part, "The Subscriber agrees to hold the Laboratories harmless and to defend and indemnify the Laboratories against any loss, expense, liability, or damage, including reasonable attorney's fees, *arising out of any misuse by the Subscriber* of the Listing Mark of the Laboratories *or arising out of any violation by the Subscriber* of the terms and conditions of this Agreement". (Emphasis added.) Under the agreement, then, on these facts, UL is not entitled to indemnification. If UL is liable for anything it will be for its own negligence only, in causing its label to be affixed to the hairdryer. If UL did not test and approve the hairdryer, or if UL's requirements were not negligently promulgated, or if UL did not *negligently* test and approve the hairdryer, it cannot be liable under the plaintiffs' complaint even if Struhl or Superior did affix the UL label.

Accordingly, UL's motion for summary judgment is denied. Struhl's motion to dismiss the third-party complaint is allowed, and Superior's motion for summary judgment on Counts I and III of the third-party complaint is allowed.