**LATINO POLITICAL ACTION COMMITTEE, INC., et al., Plaintiffs,**

v.

**CITY OF BOSTON, et al., Defendants.**

**Civ. A. No. 83–2472–C.**

United States District Court,
D. Massachusetts.

Feb. 28, 1984.

Joseph L. Kociubes, Jonathan W. Fitch, Bingham, Dana & Gould and Alan Jay Rom, Lawyers' Comm. for Civil Rights, Boston, Mass., Frank R. Parker, Lawyers' Comm. for Civil Rights, Washington, D.C., for plaintiffs.

Suzanne F. Sheats, Boston, Mass., for City of Boston, Mayor White, Michael Joyce and Boston Election Commission.

Stephen H. Oleskey, Jane D. Kaplan, Hale & Dorr, Paul F. Saba, Boston, Mass., for Members of Boston City Council.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which plaintiffs allege that the City of Boston's revised election district plan unlawfully dilutes minority voting power and infringes the right of minority candidates to be elected to public office. The plan divides the City of Boston into nine voting districts for the purposes of Boston City Council and School Committee elections.

Plaintiffs are the Latino Political Action Committee, Inc., and numerous group and individual plaintiffs. Defendants are the City of Boston, Mayor Raymond L. Flynn, the Boston City Council and its individual members, and the Boston Election Commission and its chairman, Michael A. Joyce.

Plaintiffs allege that the plan violates the Fourteenth and Fifteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1973 et seq., 1981, 1983, and 1985(3), and Articles 1 and 9 of the Declaration of Rights of the Constitution of the Common-wealth of Massachusetts. Plaintiffs seek declaratory and injunctive relief.

In a prior related case, *Latino Political Action Committee, Inc. v. City of Boston*, 568 F.Supp. 1012 (D.Mass.1983), this Court enjoined City officials from conducting any election under the previous district plan on many of the same grounds urged here. On August 10, 1983, the City Council unanimously passed a revised election district plan, and Mayor Kevin H. White approved the plan the next day, August 11, 1983. Plaintiffs allege that the revised plan is unlawful, and ask this Court to enjoin further enforcement of the revised plan, to order the defendants to adopt a lawful plan, and to declare unlawful any election held under the revised plan.

The defendant City Council members and Mayor Flynn now move to dismiss, on the ground that they are absolutely immune from suit on any of the federal claims.

■ Plaintiffs argue as a preliminary matter that the doctrine of "judicial estoppel" bars defendants from asserting any claim of immunity because they failed to raise it as a defense in the earlier litigation. Judicial estoppel "prohibits a party to litigation from assuming a position, usually as to facts, inconsistent with that taken in prior litigation." *Toman v. Underwriters Laboratories, Inc.*, 532 F.Supp. 1017, 1019 (D.Mass.), *rev'd on other grounds*, 707 F.2d 620 (1st Cir.1983). The object of judicial estoppel is

> to safeguard the administration of justice by placing a restraint upon the tendency to reckless and false swearing and thereby preserve the public confidence in the purity and efficiency of judicial proceedings.

*Konstantinidis v. Chen*, 626 F.2d 933, 937 (D.C.Cir.1980), *quoting Melton v. Anderson*, 32 Tenn.App. 335, 339, 222 S.W.2d 666, 669 (Ct.App.1948). *See generally* 1B *Moore's Federal Practice* ¶ .405[8] (2d ed. 1979).

■ Defendants in this case took no stand at all on the question of immunity in the earlier litigation. Their failure to plead

the defense appears to have resulted simply from ignorance or inadvertance and certainly gained them no tactical or legal advantage in that case. Judicial estoppel is appropriate to prevent a party from using inconsistent pleadings or factual assertions to his advantage in different legal contexts. Defendants' inconsistency here is not so contrived. Defendants have not switched theories to play "fast and loose with the courts." *Konstantinidis v. Chen,* 626 F.2d at 937, *quoting Scarano v. Central Railroad,* 203 F.2d 510, 513 (3d Cir.1953).[1] Accordingly, I rule that defendants are not estopped from asserting the defense of absolute immunity in this case.

Absolute immunity is an affirmative defense and must be pleaded and proved by the party asserting it. *See, e.g., Green v. James,* 473 F.2d 660, 661 (9th Cir.1973); *cf. Harlow v. Fitzgerald,* 457 U.S. 800, 815, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982) ("Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by a defendant official.") Defendant City Council members have not yet filed an answer in this case, nor has defendant Mayor Flynn. The Court has discretion, however, to permit the defendants to raise their affirmative defense by motion, where to do so will not endanger the opposing parties' substantive rights. *Diaz-Buxo v. Trias Monge,* 593 F.2d 153, 154 (1st Cir.1979); *see generally* 2A *Moore's Federal Practice* ¶ 8.28 (2d ed.

1981). The immunity defense in this case does not involve any disputed issue of fact, and both parties have had a full and fair opportunity to brief relevant questions of law. Accordingly, this Court will exercise its discretion to treat defendants' motion to dismiss as a motion for summary judgment on the defense of absolute immunity.

In *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), the Supreme Court ruled that state legislators are absolutely immune from suit under §§ 1983 and 1985 for actions "in the sphere of legitimate legislative activity." 341 U.S. at 376, 71 S.Ct. at 788.[2] The Court reasoned that

> [l]egislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good ... The privilege would be of little value if they could be subjected to the cost and inconvenience and distraction of a trial upon a conclusion of the pleader, or the hazard of a judgment against them based upon a jury's speculation as to motives.

341 U.S. at 377, 71 S.Ct. at 788.

In *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979), the Court ruled that its reasoning in *Tenney* "is equally applicable to federal, state, and regional legislators." 440 U.S. at 405, 99 S.Ct. at 1179. Specifically, it held that the

1. *Consalvo Trucking, Inc. v. Excavating and Building Material Chauffeurs and Helpers Local Union No. 379,* 201 F.Supp. 684 (D.Mass.1962), cited by plaintiffs, is not on point. In that case, defendants were estopped from raising as a defense that their activity did not affect interstate commerce because, in a prior related case, defendants had actually *conceded* that their activities affected interstate commerce. In this case, defendants did not concede that they are not entitled to immunity in the prior litigation.

2. 42 U.S.C. § 1983 provides in part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an ac-

tion at law, suit in equity, or other proper proceeding for redress ...
42 U.S.C. § 1985(3) provides in part:
If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws ... whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages ... against any one or more of the conspirators.

members of the Tahoe Regional Planning Agency were absolutely immune from suit under § 1983. The agency is a regional legislative body created pursuant to a compact between the States of California and Nevada to coordinate and regulate development in the Lake Tahoe Basin resort area, and to conserve the area's resources. The Court explicitly refused, however, to decide whether officials at the "purely local" level of government, as opposed to the regional level, are absolutely immune from suit. 440 U.S. at 404 n. 26, 99 S.Ct. at 1178 n. 26.

Plaintiffs argue that in the First Circuit municipal legislators do not enjoy absolute immunity. They rely primarily on the concurrence in *Cobb v. City of Malden*, 202 F.2d 701 (1st Cir.1953), where Chief Judge Magruder stated that "members of a city council [are] not in the exceptional category of officers having complete immunity." 202 F.2d at 707. And in *Gaffney v. Silk*, 488 F.2d 1248 (1st Cir.1973), the First Circuit Court of Appeals stated that

> [w]hile absolute immunity has been provided to judicial and certain quasi-judicial officers as well as state legislators, the courts have been noticeably reticent about extending such broad protection to lesser legislative and administrative officials such as town selectmen. *See, e.g., Harrison v. Brooks*, 446 F.2d 404 (1st Cir.1971); *Cobb v. City of Malden*, 202 F.2d 701 (1st Cir.1953). As to these officials, where independent judgment and discretion are involved, the courts have permitted only a qualified immunity. . . .

488 F.2d at 1250. The Court of Appeals has not addressed the question of absolute immunity for local officials since *Lake Country*.[3]

Every appellate court that has considered the question since *Lake Country*, has extended absolute immunity to local and municipal legislators. *Aitchison v. Raffiani*, 708 F.2d 96 (3d Cir.1983); *Bruce v. Riddle*, 631 F.2d 272 (4th Cir.1980); *Hernandez v. City of Lafayette*, 643 F.2d 1188 (5th Cir.1981), *cert. denied* 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982); *Reed v. Village of Shorewood*, 704 F.2d 943 (7th Cir.1983); *Gorman Towers, Inc. v. Bogoslavsky*, 626 F.2d 607 (8th Cir.1980); *Kuzinich v. County of Santa Clara*, 689 F.2d 1345 (9th Cir.1982); *Espanola Way Corp. v. Meyerson*, 690 F.2d 827 (11th Cir.1982), *cert. denied* — U.S. —, 103 S.Ct. 1431, 75 L.Ed. 791 (1983). Those courts have relied on the Supreme Court's reasoning in *Lake Country*, where the Court looked not at the *level* of government at which the official serves, but at whether he might be deterred from exercising his legislative duties freely by the threat of being hailed into court. *See, e.g., Aitchison v. Raffiani*, 708 F.2d at 98; *Bruce v. Riddle*, 631 F.2d at 279.

■ That reasoning applies equally well to Boston City Council members. Certainly the threat of suit is as likely to inhibit a Boston City Councillor's decision-making as it is to inhibit that of a state or regional legislator. A City Councillor's decision-making should not be skewed by the fear of being summoned into court for exercising his legislative responsibility. *Gorman Towers, Inc. v. Bogoslavsky*, 626 F.2d 613. For that reason, I rule that the Mayor and City Council members are absolutely immune from suit for damages under §§ 1983 and 1985 to the extent that they acted in their legislative capacities. Moreover, I rule that, for the same reason, the Mayor and members of the City Council are also absolutely immune from suit for declaratory and injunctive relief under § 1983 and § 1985 for acts within the sphere of legitimate legislative activity. *See Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 732, 100 S.Ct. 1967, 1974, 64 L.Ed.2d 641 (1980).

■ I rule that in adopting an ordinance implementing the allegedly unlawful revised district plan, the City Council members acted solely within the sphere of legitimate legislative activity. They are, there-

---

3. *Burns v. Sullivan*, 619 F.2d 99 (1st Cir.1980), is not on point. When the defendant Cambridge City Councillor advised the plaintiff in that case how best to secure employment with the City, he was not acting in his legislative capacity, and so was not entitled to absolute immunity.

fore, immune from suit under §§ 1983 and 1985 for adopting the revised district plan, and I rule that the complaint should be dismissed as to them in their legislative capacities to the extent it seeks to state a cause of action under those sections.

■ The Mayor is, however, the "head of the executive branch of city government." *City Council of Boston v. Mayor of Boston,* 383 Mass. 716, ——, 1981 Mass.Adv.Sh. 1319, 1324, 421 N.E.2d 1202 (1981). The Mayor is not immune from suit to enjoin him from enforcing or implementing the plan. Because the defendant Mayor has not shown that the complaint runs against him only in his legislative capacity and does not seek to enjoin his enforcing or implementing the plan, the motion to dismiss should be denied as to him.[4]

Plaintiffs' claims against the City Council members under § 1981 should likewise be dismissed.[5] The language of the statute certainly does not show that Congress intended to abrogate traditional legislative immunity. And the threat of suit under § 1981 is as likely to inhibit a legislator's activity as is the threat of suit under §§ 1983 or 1985. For those reasons, I rule that the members of the City Council are absolutely immune from suit under § 1981 to the extent they acted within their legislative capacities. *Accord Wells v. Hutchinson,* 499 F.Supp. 174, 201 (E.D.Tex.1980).

Plaintiffs have also sued the members of the City Council directly under the Fourteenth and Fifteenth Amendments to the United States Constitution and the general federal question jurisdictional provision, 28 U.S.C. § 1331. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A plaintiff whose § 1983 claim is barred by absolute legislative immunity may not, however, sidestep the limitation on his § 1983 action by suing on a *Bivens*-type constitutional cause of action. *Berrios v. Agosto,* 716 F.2d 85, 88–89 (1st Cir.1983). Accordingly, I rule that plaintiffs' claims against the members of the City Council arising directly under the Fourteenth and Fifteenth Amendments should also be dismissed.

■ Finally, plaintiffs claim the City Council members have violated 42 U.S.C. § 1973 of the Voting Rights Act.[6] The Council members argue that they are absolutely immune from suit under the Voting Rights Act. Whether legislators are absolutely immune from suit for violating a federal statute is a question of statutory construction. In *Tenney* the Supreme Court ruled that state legislators should be immune from suit under federal statute unless Congress gives some affirmative indication that it intends to abrogate that legislative immunity. 341 U.S. at 376, 71 S.Ct. at 788; *see also Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. at 403, 99 S.Ct. at 1178.

■ Section 1973 does not on its face show that Congress intended to abrogate legislative immunity. The statute does not authorize suit against individual legislators, but only against "any State or political subdivision" that has abridged the right to vote. 42 U.S.C. § 1973(a).[7] Moreover,

---

**4.** The Mayor may raise the immunity defense on a motion for summary judgment at a later stage of the case.

**5.** Section 1981 provides:

    All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

    42 U.S.C. § 1981.

**6.** Section 1973 provides:

    No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color...

    42 U.S.C. § 1973(a) (Supp.1983).

**7.** By contrast, § 1983 imposes liability on "every person" who under color of state law deprives another of his constitutional or statutory rights.

the statute's legislative history shows, if anything, that Congress recognized that common law legislative immunity would restrict enforcement of the Act. *See* S.Rep. No. 417, 97th Cong.2d Sess. (1982), *reprinted in* 1982 U.S.Code Cong. & Ad.Min.News 177, 214, 215 (where the Senate Committee noted that "barriers of 'legislative immunity'" could bar an inquiry into the "motives involved in the legislative process...."). Because neither the statute nor its legislative history shows that Congress intended to abrogate absolute legislative immunity from suit, I rule that the City Council members are immune from suit under § 1973. *Accord Connor v. Winter,* 519 F.Supp. 1337, 1340 n. 1 (S.D.Miss.1981); *Cohen v. Maloney,* 428 F.Supp. 1278, 1281–82 (D.Del.1977). The complaint should be dismissed as to the members of the City Council to the extent it seeks to state a claim under § 1973. Moreover, because the City Council members are immune from suit under plaintiff's federal claims, I rule that the state law claims should be dismissed as well. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

■ The Boston City Council itself is not a proper party. The law of the State in which the district court sits governs the capacity of a governmental entity to sue or to be sued. F.R.Civ.P. 17(b); 3A *Moore's Federal Practice* ¶ 17.19 (2d ed. 1979); *see Mayes v. Elrod,* 470 F.Supp. 1188, 1192 (N.D.Ill.1979). In Massachusetts, neither the city council nor "the members of the city council individually or collectively constitute a corporate entity." *Zegouros v. City Council of Fitchburg,* 381 Mass. 424, 425, 409 N.E.2d 778 (1980). The city council is not a legal entity subject to suit. *Id.* at 428, 409 N.E.2d 778. I rule that the City Council's motion to dismiss should be allowed because it lacks a legal identity apart from that of the City of Boston and therefore is not a suable entity. *See Hearn v. Hudson,* 549 F.Supp. 949, 952 n. 1 (W.D.

As noted above, the Supreme Court has ruled that Congress did not abrogate legislative immu-

Va.1982); *State of Missouri ex rel. Gore v. Wochner,* 475 F.Supp. 274, 280 (E.D.Mo. 1979); *Dr. Martin Luther King, Jr. Movement, Inc. v. City of Chicago,* 435 F.Supp. 1289, 1294 (N.D.Ill.1977).

Accordingly, I rule that the motion to dismiss should, therefore, be allowed as to defendant Boston City Council and as to its members. The motion to dismiss should be denied as to defendant Mayor Flynn.

Order accordingly.