# United States Court of Appeals
## For the First Circuit

No. 03-1176

JESSE CAISSE,

Plaintiff, Appellant,

v.

LARRY E. DUBOIS, Individually and as the former Commissioner
of Correction; MICHAEL MALONEY, Individually and as the
present Commissioner of Correction; JOHN NOONAN, Individually
and as Director of Health Care Services Division;
DIANE SILVER, Individually and as Director of Classification
Division; MICHAEL J. ASHE, Individually and as Sheriff of Hampden
County Correctional Center; JOHN DOE, Individually and as
Sheriff of Hampshire County Sheriff's Office; WILLIAM H. COALTER,
Individually and as Superintendent of MCI/Concord; UNKNOWN
MEMBERS OF HAMPDEN COUNTY CORRECTIONAL CENTER, Individually and
in their official capacities; UNKNOWN STAFF MEMBERS OF
HAMPSHIRE COUNTY SHERIFF'S OFFICE, Individually and
in their official capacities; UNKNOWN MEMBERS OF MCI/CONCORD,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Torruella and Howard, Circuit Judges,

and Schwarzer,* Senior District Judge.

Sara Discepolo for appellant.
Ernest L. Sarason, Jr., Assistant Attorney General, with whom
Edward J. McDonough, Jr., Special Assistant Attorney General, and

<u>Thomas F. Reilly</u>, Attorney General, were on brief for appellees.

————————————

October 6, 2003

————————————

**Per Curiam**.  This is an appeal from the district court's denial of plaintiff Jesse Caisse's motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b).  The district court dismissed Caisse's action because he failed to serve the defendants with process even after receiving multiple extensions of time to do so. Caisse sought to vacate the judgment, claiming that he served the defendants in a timely fashion.  Because the district court did not abuse its discretion in denying Caisse's Rule 60(b) motion, we affirm.

## I.

In October 2000, Caisse, an inmate in the Massachusetts Department of Corrections system, filed a civil rights suit based on the allegedly intolerable conditions of his incarceration. Caisse sued several state officials in their individual and official capacities, including five employees of the Department of Corrections and the Sheriff of Hampden County, Michael Ashe (the "county defendant").[1]  In his complaint, Caisse raised six counts against all defendants.  Counts one through three alleged federal

---

[1] From the Department of Corrections, Caisse named Larry DuBois, the former Commissioner of Corrections, Michael Maloney, the Commissioner of Corrections at the time the suit was filed, John Noonan, the director of the Department of Corrections Health Care Services Division, Diane Silver, the director of the Department of Corrections Classification Division, and William Coalter, Department of Corrections Superintendent for MCI Concord (the "Department of Corrections defendants").

law violations: (1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101; (2) violation of the Eighth Amendment to the United States Constitution; and (3) violation of the Fourteenth Amendment to the United States Constitution. Counts four through six alleged state-law tort claims: (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (6) negligence. As a remedy for these alleged violations, Caisse sought compensatory damages, punitive damages, and attorney's fees.

After filing suit, Caisse did not attempt to serve the defendants for over two years. He received three extensions of time from the district court to effect service, the last of which expired on October 25, 2002. Three days before the October 25th deadline, Caisse finally attempted to serve the defendants. On October 22, 2002, Caisse sent summonses and copies of the complaint by certified mail to each of the Department of Corrections defendants care of the Boston office of the Massachusetts Attorney General. Also on October 22, 2002, Caisse sent a summons and a copy of the complaint by certified mail to the county defendant at the office of the Treasurer for Hampden County. Caisse did not serve any of the defendants personally or at their homes on or before the October 25th deadline.[2]

---

[2] Caisse attempted to serve various defendants after the district court had already dismissed his suit. On November 29, 2002, Caisse served defendants Michael Maloney and William Coalter

The October 25th deadline came and went without Caisse filing proof of service with the district court. As a result, on November 26, 2002, the district court dismissed the case. On December 4, 2002, Caisse filed a Rule 60(b) motion to vacate the dismissal.[3] The district court denied the motion, and Caisse appealed.

## II.

Relief under Rule 60(b) is "extraordinary in nature" and is therefore "granted sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). To succeed on a Rule 60(b) motion, the movant must show that (1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party. See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19-20 (1st Cir. 1992). In addition, the movant must show that granting the motion will not be an "empty exercise" by demonstrating that the underlying claim for relief is likely to succeed on the merits.

---

by having a constable leave the summons and a copy of the complaint at their offices. On December 2, 2002, Caisse served the county defendant by having a constable leave the summons and a copy of the complaint at the Hampden County Sheriff's Office.

[3] While Caisse did not specify the provision of Rule 60(b) which he sought to invoke, we assume that his motion was pursuant to Rule 60(b)(1) because that provision seems most pertinent. It permits relief from judgment in cases of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

<u>Id.</u> at 20.  We defer broadly to the district court's informed discretion in resolving Rule 60(b) motions.  <u>Karak</u>, 288 F.3d at 19.[4]

### III.

Caisse claims that the district court abused its discretion in denying his Rule 60(b) motion because he properly served each of the defendants before the October 25th deadline.  He also argues that the district court abused its discretion in denying his Rule 60(b) motion because "all cases should be decided on their merits."  These arguments fail.  Caisse did not serve the defendants by the October 25th deadline, except for counts five and six of the complaint, alleging state-law, negligence claims, which he timely served only on the Department of Corrections defendants.  However, his negligence claims are entirely without merit, making relief from judgment unwarranted.

The parties begin their arguments from a shared but flawed premise concerning the Rule of Civil Procedure applicable to this case.  They contend that, because a suit against a public employee in his or her official capacity is essentially a suit against the government, <u>see</u> <u>Kentucky</u> v. <u>Graham</u>, 473 U.S. 159, 165-

---

[4] Citing <u>In Re Lopez-Soto</u>, 764 F.2d 23 (1st Cir 1985), Caisse argues that the abuse of discretion standard is not the proper standard of review for a Rule 60(b) motion.  <u>In Re Lopez-Soto</u> deals with the ability of a party to intervene in a bankruptcy proceeding.  It does not implicate the standard of review for a Rule 60(b) motion in any way.

66 (1985), service of Caisse's official capacity claims is governed by Fed. R. Civ. P. 4(j)(2), which provides the method of service on states and other non-federal, government entities.

In Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 28-30 (1st Cir. 1988), we rejected this contention. We held that service of process for public employees sued in their official capacities is governed by the rule applicable to serving individuals. Id. at 30. Although recognizing that the state has a great interest in the outcome of an official-capacity suit, we deemed it essential that the officer receive service of process as an individual because he or she is bound by a judgment and can be held in contempt for disobeying a court order. Id. at 29-30. Accordingly, to serve the defendants in either an individual or official capacity, Caisse had to comply with Fed. R. Civ. P. 4 (e), providing for service of process on individuals. See id. at 30.

Federal Rule of Civil Procedure 4(e) specifies two ways in which Caisse could have served process. First, he could have delivered the summons and a copy of the complaint to the individuals personally, or he could have left them at their dwelling houses or usual places of abode. See Fed. R. Civ. P. 4(e)(2). Second, he could have served process in a manner sanctioned by Massachusetts law. See Fed. R. Civ. P. 4(e)(1). Caisse did not serve the defendants in accordance with Fed. R. Civ.

P. 4(e)(2), so we train our focus on the service requirements under Massachusetts law.

The Massachusetts courts have not decided whether service on public employees in their official capacities should be made in compliance with the rules for serving individuals, see Mass. R. Civ. P. 4 (d)(1), or the rules for serving the state and government organizations, see Mass. R. Civ. P. 4 (d)(3).  We need not decide this open question of Massachusetts law because Caisse failed to serve the defendants under either of the potentially applicable rules.

Massachusetts Rule of Civil Procedure 4(d)(1), governing service on individuals, provides for essentially the same service procedures as the cognate federal rule (i.e., personal service or delivery to the last and usual place of abode).  As stated above, Caisse failed to satisfy these requirements and thus did not properly serve the defendants in their official capacities under Mass. R. Civ. P. 4(d)(1).[5]

Massachusetts Rule of Civil Procedure 4(d)(3) provides for service on the Commonwealth of Massachusetts and state agencies by sending the summons and the complaint to the Boston office of

---

[5] While Massachusetts law regarding service of official capacity suits is unsettled, it is clear that individual capacity suits must be served pursuant to Mass. R. Civ. P. 4(d)(1).  See She Enters., Inc. v. License Comm'n of Worcester, 412 N.E.2d 883, 889 (Mass. App. Ct. 1980).  Caisse therefore failed to serve the defendants in their individual capacities as well.

the Massachusetts Attorney General <u>and</u> by sending the summons and a copy of the complaint to the state agency involved in the underlying dispute. Caisse met only half of this rule's requirements. With respect to the Department of Corrections defendants, Caisse served the Attorney General but failed to serve the Department of Corrections by the October 25th deadline. With respect to the county defendant, Caisse served the Hampden County Treasurer's office within the deadline but never served the Attorney General.[6] Thus, Caisse failed to comply with Mass. R. Civ. P. 4(d)(3) as well.

There is, however, one additional wrinkle. The Massachusetts Rules of Civil Procedure yield to specific statutes which establish special service requirements. <u>See</u> Mass. R. Civ. P. 4(d)(1) ("Service may be made . . . to an agent authorized . . . by statute."). Caisse's state-law, negligence claims, set forth in counts five and six of the complaint, are subject to the statutory service requirements of the Massachusetts Torts Claims Act (the "Tort Claims Act"), <u>see</u> Mass. Gen. L. ch. 258, §1 <u>et</u> <u>seq</u>., which differ from the service requirements of the Massachusetts Rules of Civil Procedure.[7] Therefore, even though he did not comply with

---

[6] Hampden County is treated as a state agency because the Commonwealth assumed its liabilities after its government was abolished in 1998. <u>See</u> Mass. Gen. L. ch. 34B, § 4.

[7] Caisse's federal law claims and intentional infliction of emotional distress claim are not governed by the service procedures under the Tort Claims Act because the Tort Claims Act covers only

the Massachusetts Rules of Civil Procedure, Caisse could effectively serve the negligence claims by complying with the requirements of the Tort Claims Act.

The Tort Claims Act authorizes service on the Commonwealth, state agencies, and state employees by serving the Attorney General. <u>See</u> Mass. Gen. L. ch. 258, § 6. By mailing summonses and copies of the complaint to the Attorney General on October 22, 2002, Caisse timely served the Department of Corrections defendants (in both their official and individual capacities) with his negligence claims.[8] <u>Id.</u> Thus, Caisse timely served only counts five and six (negligent infliction of emotional distress and negligence) on the Department of Corrections defendants.[9]

Nonetheless, we will not reverse the denial of Caisse's Rule 60(b) motion merely because Caisse served the negligence

---

state-law, negligence claims. <u>See</u> <u>Mellinger v. West Springfield</u>, 515 N.E.2d 584, 588-89 (Mass. 1987).

[8] Caisse never served the Attorney General with process for the county defendant and therefore did not serve him with the negligence claims under the Tort Claim Act.

[9] In addition to arguing that he timely served the defendants, Caisse could have argued excusable neglect for his failure to effect service. <u>See</u> Fed. R. Civ. P. 60(b)(1). He has not done so. <u>See</u> <u>Cintron-Lorenzo</u> v. <u>Departmento de Asuntos</u>, 312 F.3d 522, 527 (1st Cir. 2002) ("At a bare minimum, a party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable."). Caisse's contention that regardless of his failure to serve the defendants "all cases should be decided on the merits" does not suffice to raise the excusable neglect issue.

-10-

claims on the Department of Corrections defendants in a timely fashion. As discussed earlier, Caisse must also convince us that he has a realistic chance of succeeding on merits of his negligence claims against the Department of Corrections defendants. Karak, 288 F.3d at 19. This he cannot do.

Caisse's negligence claims against the Department of Corrections defendants in their individual capacities are barred because the Tort Claims Act shields public employees from personal liability for negligent conduct. See Mass. Gen. L. ch. 258, § 2; see also, McNamara v. Honeyman, 546 N.E.2d 139, 141-42 (Mass. 1989) (public employees are immune from negligence suits under the Tort Claims Act). Thus, Caisse's individual-capacity, negligence claims against the Department of Corrections defendants will fail on the merits.

Prospects are no better for Caisse's official-capacity, negligence claims against the Department of Corrections defendants because these claims will not survive Eleventh Amendment scrutiny. See U.S. Const. Amend. XI. Caisse's complaint seeks money damages but not injunctive relief. Absent an explicit waiver from the state, the Eleventh Amendment bars "official capacity suits" against state actors in federal court unless the suit seeks prospective injunctive relief. See Rosie D. v. Swift, 310 F.3d 230, 234 (1st Cir. 2002). By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment

-11-

immunity to suit in federal court.  See Rivera v. Massachusetts, 16 F. Supp. 2d 84, 87-88 (D. Mass. 1998) (citing Irwin v. Comm'r of Dep't of Youth Servs., 448 N.E.2d 721, (Mass. 1983)).  Thus, Caisse's official-capacity suits will also fail on the merits.

## IV.

The district court did not abuse its discretion in denying plaintiff Jesse Caisse's Fed. R. Civ. P. 60(b) motion because most of his claims were not properly served and those few claims that were properly served are doomed to fail on the merits.

**Affirmed**.