# United States Court of Appeals
## For the First Circuit

No. 04-1274

ROSAURA GONZALEZ RUCCI,

Plaintiff, Appellant,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE;
UNITED STATES DEPARTMENT OF JUSTICE;
U.S. ATTORNEY GENERAL FOR THE DISTRICT OF PUERTO RICO;
UNITED STATES; ANDRES NUÑEZ; CHARLES KIRK; MYRNA A. PERE;
ROBERTO RAMOS; LUIS A. REYES; VIVIAN REYES; MARITZA SOTO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Boudin, Chief Judge,

Howard, Circuit Judge,

and Carter,* Senior District Judge.

Lixandra Osorio Felix and Nicolas Nogueras, Jr. Law Offices, on brief for appellant.
Isabel Muñoz-Acosta, Assistant U.S. Attorney, H.S. Garcia, United States Attorney, and Miguel A. Fernandez, Assistant U.S. Attorney, Chief, Civil Division, on brief for appellees.

April 21, 2005

*Of the District of Maine, sitting by designation.

**HOWARD**, **Circuit Judge**.  Appellant Rosaura Gonzalez-Rucci brought this action, pursuant to the Federal Tort Claims Act ("FTCA") and the Bivens doctrine, see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the United States, the Immigration and Naturalization Service ("INS"),[1] and a number of immigration officers.  The complaint asserts claims for malicious prosecution, abuse of process, negligence, intentional infliction of emotional distress, and violations of various constitutional rights.  The upshot of the complaint is that because Gonzalez turned down the romantic overtures of defendant immigration officer Andres Nuñez, Nuñez and his colleagues used their official positions to destroy her law practice, to obtain warrants to search her home and office, to procure her arrest, and to secure a criminal indictment against her.  The alleged harassment began in 1995; peaked with Gonzalez's indictment for various criminal offenses on September 26, 1996; and continued for some months after her acquittal on February 6, 1997.

On July 31, 2002, the district court granted defendants' motion to dismiss and entered judgment, concluding that all of Gonzalez's claims were cognizable either under the FTCA or as

---

[1] In March 2003, the relevant functions of INS were assumed by the Department of Homeland Security in a reorganized Bureau of Immigration and Customs Enforcement.  We will continue to refer to INS for simplicity throughout this opinion.

-2-

Bivens claims, but that both the FTCA and Bivens claims were untimely. On August 15, 2002, Gonzalez moved for relief from judgment under Fed. R. Civ. Pro. 60(b) as to her FTCA claims, arguing that the district court miscalculated the filing date. The government responded that even if the FTCA claims were timely, Gonzalez's motion should be denied because she failed to state claims under the FTCA upon which relief could be granted.

In its order addressing Gonzalez's Rule 60(b) motion, the district court reaffirmed its holding that the Bivens claims were time-barred, but agreed that the FTCA claims were timely. Nonetheless, the court denied the motion because, in its view, the malicious prosecution and abuse of process claims were inadequately pleaded under Fed. R. Civ. Pro. 12(b)(6). The court held that the indictment "conclusively" established the existence of probable cause, foreclosing the malicious prosecution claim. The court also held that the abuse of process claim was not cognizable because only defendant Nuñez was alleged to have had a bad motive; bringing a lawsuit was not an abuse of process; it was too speculative to conclude that a grand jury handed down an indictment to coerce Gonzalez into a relationship with Nuñez; and that the probable cause determination preempted any alleged improper collateral objectives by the defendants. Gonzalez's notice of appeal, filed on January 26, 2004, refers only to the order denying the Rule 60(b) motion.

-3-

On appeal, Gonzalez argues that her claims for malicious prosecution and abuse of process were adequately pleaded, her Bivens claims were not time-barred, and the district court failed to address several of her other FTCA claims.  Appellees respond that the district court did not abuse its discretion in denying the Rule 60(b)[2] motion because the abuse of process and malicious prosecution claims were foreclosed by the indictment and/or were inadequately pleaded, and that no timely appeal was taken as to the Bivens claims.

We begin by considering which issues are properly before us.  Gonzalez did not timely appeal from the July 31, 2002 judgment.  See Fed. R. App. P. 4 (a); Garcia-Velazquez v. Frito Lay Snacks Caribbean, 358 F.3d 6, 8 (1st Cir. 2004).  Thus, we only have jurisdiction to consider the order denying Rule 60(b) relief.  See Frito Lay, 358 F.3d at 11.  While the Bivens timeliness issue was not clearly raised in Gonzalez's Rule 60(b) motion, the district court nonetheless considered it in its order.  Therefore, we conclude that we have jurisdiction to consider all of Gonzalez's claims.

---

[2] We note that Appellant did not specify whether her motion to reconsider was brought under Fed. R. Civ. P. 59 or Fed. R. Civ. P. 60.  There is some indication in the record that the district judge thought the former, while the parties on appeal assert the latter. As neither side raises any issue about this matter, we will let it pass.  However, we caution that the two rules are not freely interchangeable.  See generally Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 188-89 (1st Cir. 2004).

A district court's denial of a Rule 60(b) motion is typically reviewed for abuse of discretion. See Caissie v. Dubois, 346 F.3d 213, 215-16 (1st Cir. 2003). Rule 60(b) relief is "extraordinary in nature," and to warrant such relief a movant must demonstrate "that (1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party." Id. at 215. Moreover, a district court should only grant Rule 60(b) relief if the moving party demonstrates that the underlying claims have a reasonable chance of success on the merits. See id.

We can dispense with Gonzalez's Bivens contentions in short order. Gonzalez's claims accrued no later than February 6, 1997 (with her acquittal), yet she filed no claims(administrative or judicial) for nearly two years. As Bivens actions are subject to a one-year limitations period, see Roman v. Townsend, 224 F.3d 24, 29 (1st Cir. 2000), the district court did not err in concluding that these claims were time-barred. The district court's conclusion that Gonzalez's FTCA claims were inadequately pleaded is more problematic.

Under the FTCA, we look to "law of the place" where the alleged wrongful actions occurred, see Rodriguez v. United States, 54 F.3d 41, 44 (1st Cir. 1995), so Puerto Rico law provides the relevant standards for the substantive claims. To state a

-5-

malicious prosecution claim, a plaintiff must allege four elements: "1) that a criminal action was initiated or instigated by the defendants; 2) that the criminal action terminated in favor of plaintiff[s]; 3) that defendants acted with malice and without probable cause; and 4) that plaintiff[s] suffered damages." Nogueras-Cartagena v. United States, 172 F. Supp. 2d 296, 315 (D.P.R. 2001). The only issue here is whether the existence of the grand jury indictment was sufficient to defeat the lack of probable cause requirement.

Generally, a grand jury indictment definitively establishes probable cause. See Abreu-Guzman v. Ford, 69 F. Supp. 2d 274, 285 (D.P.R. 1999)(an indictment "fair upon its face" and "returned by a properly constituted grand jury conclusively determines the existence of probable cause") (citation and internal quotation omitted). However, courts have recognized an exception if law enforcement defendants wrongfully obtained the indictment by knowingly presenting false testimony to the grand jury. See, e.g., Rothstein v. Carriere, 373 F.3d 275, 282-83 (2d Cir. 2004)(applying New York law); Camiolo v. State Farm Fire & Casualty Co., 334 F.3d 345, 363 (3d Cir. 2003)(applying Pennsylvania law); Moran v. Clarke, 296 F.3d 638, 657 (8th Cir. 2002)(applying Missouri law);see also Nogueras-Cartagena, 172 F. Supp. 2d at 315-16. Such allegations are sufficient, at the pleading stage, to rebut the presumption of probable cause established by the grand jury

-6-

indictment. Nogueras-Cartagena, 172 F. Supp. 2d at 315-16; cf. Rivera-Marcano v. Normeat Royal Dane Quality A/S, 998 F.2d 34, 38-39 (1st Cir. 1993)(non-state actor would not be immunized from a malicious prosecution claim by the independent prosecutor's decision to commence a criminal action if he effectively instigates the prosecution by knowingly providing false information to the authorities); Negron-Rivera v. Rivera-Claudio, 204 F.3d 287, 290 n. 1 (1st Cir. 2000)(similar); Aponte Matos v. Toledo Davila, 135 F.3d 182, 187-89 (1st Cir. 1998)(an officer is not entitled to qualified immunity in a 42 U.S.C. § 1983 action if there is an issue of fact as to whether he obtained the warrant relied upon by knowingly presenting false evidence). Because Gonzalez alleges that the defendants obtained the indictment, as well as the various search and arrest warrants, through the use of false testimony, she has pleaded a viable claim for malicious prosecution.

We reach a similar conclusion as to the abuse of process claim. Under Puerto Rico law, "[t]he two basic elements of abuse of process are a bad motive, and the use of a legal process for an improper, collateral objective." Microsoft Corp. v. Computer Warehouse, 83 F. Supp. 2d 256, 261 (D.P.R. 2000)(citation and internal quotation omitted). Further, while malicious prosecution claims are generally directed to a legal action as a whole, abuse of process typically covers challenges to the legal action's

procedural components (e.g., discovery mechanisms or subpoenas). See Nogueras-Cartagena, 172 F. Supp. 2d at 316.

The district court is correct in observing that only Nuñez is specifically alleged to have had a bad motive. However, this is not fatal to Gonzalez's claim, as a wrongful motive in an abuse of process claim can be inferred from a wrongful act, see Simon v. Navon, 71 F.3d 9, 16 (1st Cir. 1995), and Gonzalez alleges a host of wrongful acts committed by the other defendants. Further, while simply bringing a lawsuit may not be an abuse of process, obtaining search and arrest warrants by means of false testimony is a proper basis for a claim of abuse of process (at least for pleading purposes). See generally Nogueras-Cartagena, 172 F. Supp. 2d at 316.

Concerning the "collateral objective element," Gonzalez alleged that Nuñez sought to punish her for rejecting him and that the other defendants were retaliating against her for exercising her civil rights. These are adequate improper collateral objectives for pleading purposes. Thus, Gonzalez has stated a viable abuse of process claim.

In sum, the district court acknowledged that it was mistaken in initially holding Gonzalez's FTCA claims time-barred, but ruled that she was nevertheless not entitled to relief from judgment because her malicious prosecution and abuse of process claims were inadequately pleaded. As described above, Gonzalez has

in fact stated viable malicious prosecution and abuse of process claims. The district court therefore should have granted Gonzalez's motion for relief from judgment.[3]

**Affirmed as to Plaintiff's <u>Bivens</u> claims and vacated and remanded as to Plaintiff's FTCA claims.**

---

[3] In so ruling, we note that the district court failed to address many of Gonzalez's other FTCA claims, including negligence and false arrest. Because we are remanding this case for further proceedings, the viability of these claims should also be reviewed.