**Alfredo CASTELLANOS–BAYOUTH and Asociacion De Abogados Estadistas, Intervenor Plaintiff,**

v.

**PUERTO RICO BAR ASSOCIATION and Julio Fontanet.**

**Civil Action No. 06–01515–RGS.**

United States District Court,
D. Puerto Rico.

Aug. 22, 2007.

---

Alfredo Castellanos–Bayouth, San Juan, PR, pro se.

Jorge Rios–Torres, San Juan, PR, for Plaintiff.

Francisco R. Gonzalez–Colon, F.R. Gonzalez Law Office, San Juan, PR, for Intervenor Plaintiff.

Carlos A. Rodriguez–Vidal, Goldman Antonetti & Cordova, Judith Berkan, Mary Jo Mendez–Vilella, Berkan & Mendez, Harry Anduze–Montano, Harry Anduze Montano Law Office, San Juan, PR, for Defendants.

### *MEMORANDUM AND ORDER ON DEFENDANT COLEGIO'S MOTION TO DISMISS*

STEARNS, District Judge.

On May 22, 2006, Alfredo Castellanos–Bayouth (Castellanos) filed this lawsuit against the Puerto Rico Bar Association (the Colegio), seeking a declaration that Puerto Rico's compulsory bar membership Law Number 43, May 14th, 1932 (4 L.P.R.A. 771), is unconstitutional as applied to him (Count I). In addition, Castellanos asserted a claim under the federal civil rights statute, 42 U.S.C. § 1983 (Count II). On April 6, 2007, the court entered an Order dismissing Count I pursuant to the *Younger–Middlesex* absten-

tion doctrine.[1] The court stayed Count II in deference to a disbarment proceeding involving Castellanos that was then allegedly pending before the Supreme Court of Puerto Rico.

On May 30, 2007, the Colegio filed a motion to lift the stay and dismiss the action in its entirety. As grounds for its motion, the Colegio argues that despite Castellanos' assertions to the contrary, in reality he is the subject of no pending disbarment proceeding (or any other disciplinary proceeding). Therefore, the Colegio argues, the matter must be dismissed for want of any cognizable Article III case or controversy. Also on May 30, 2007, the Colegio filed a motion for the "return" of property, in which it requests that the court release to the Colegio the funds that were paid by Castellanos into the district court (an amount equal to the bar dues which he was assessed for the years 2006 and 2007).

On July 9, 2007, Castellanos filed a motion for relief from the court's April 6, 2007 Order pursuant to Fed.R.Civ.P. 60(b)(1) and (3). Within the same submission, Castellanos opposed both of the Colegio's motions.[2] In support of his Rule 60 motion, Castellanos confirms that there are no disciplinary charges currently pending against him in the Puerto Rico Supreme Court.[3] Castellanos accuses the Colegio of intentionally misleading the court into believing that proceedings had been initiated solely for the purpose of obtaining a dismissal of his lawsuit on abstention grounds. Castellanos argues that the court should withdraw its order of dismissal, as the absence of a proceeding in the state court renders moot a federal court's wariness of intruding into the affairs of another sovereign's system of law.

## DISCUSSION

■■■ For ease of discussion, the court will first consider Castellanos' Rule 60 motion. Fed.R.Civ.P.60(b) provides, in pertinent part, that a court may relieve a party from a final judgment, order, or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud ... misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.

Relief under Rule 60(b) is "extraordinary in nature" and therefore is "granted sparingly." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir.2002). To succeed on his motion, Castellanos must show that "(1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice" to the defendants. *Caisse v. Dubois*, 346 F.3d 213, 215 (1st Cir.2004). In addition, Castella-

---

1. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

2. While Castellanos does offer a brief opposition to the Colegio's motion to lift the stay and to dismiss this matter in its entirety, he requests that the court postpone ruling on the Colegio's motion until after it has ruled on his Rule 60(b) motion. At that time, Castellanos asks for the opportunity to file a further opposition to the Colegio's motion to dismiss. The request is *DENIED*. The Colegio filed its motion on May 30, 2007. The court, at Castellanos' request, extended the time for his filing an opposition to July 9, 2007. Castellanos has had an ample opportunity to brief the issues at hand.

3. Castellanos states: "There is no disciplinary proceeding in local court. None. The Puerto Rico Supreme Court has not commenced a proceeding against Plaintiff, nor has the Revisory Board of the Puerto Rico Bar Association." Motion Requesting Relief (Docket No. 217), at ¶ 22.

nos must show that granting the motion will not be an "empty exercise" by demonstrating that the underlying claim for relief is likely to succeed on the merits. *Id.*

■ Castellanos has not shown that exceptional circumstances justify relief in his case. First, under Rule 60(b)(1), he does not identify with specificity any mistake that is alleged to have been made. To the extent that the purported mistake at issue is the court's belief that disciplinary proceedings were in fact pending against Castellanos in state court, that mistake is attributable to Castellanos himself. Although, in some cases, a plaintiff may be entitled to relief based on his own mistake, Castellanos has not even attempted to show why his "mistake" or "neglect" was excusable under the circumstances.[4] He is therefore not entitled to relief. *See Cintron–Lorenzo v. Departamento de Asuntos del Consumidor,* 312 F.3d 522, 527 (1st Cir.2002) ("At a bare minimum, a party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable.").

Castellanos fares no better with regard to Rule 60(b)(3). His repeated accusations that the Colegio intentionally misled the court in order to obtain a dismissal are wholly without merit. In deciding the motions to dismiss, the court did not rely on any representations (or misrepresentations) made by the Colegio. To the contrary, the court relied, as it must (absent special circumstances not present here), solely on the allegations made by Castellanos in his Second Amended Complaint. *See, e.g.,* Second Amended Complaint, at ¶ 24 (alleging that "disbarment procedures" were instituted immediately after Castellanos sought permission to deposit his bar dues into the registry of the Puerto Rico Supreme Court). Castellanos is not entitled to relief from this court's Order based on alleged fraud and/or misrepresentation by the Colegio when it was his own factual (if erroneous) allegations on which the court relied. Therefore, Castellanos' Rule 60(b) motion for relief from judgment will be *DENIED.*

Because the court stayed the section 1983 claims pending a final disposition of what is at bottom a nonexistent state court proceeding, the Colegio's motion to lift the stay and dismiss this matter in its entirety will be *ALLOWED,* however, without prejudice should proceedings against Castellanos be initiated at some point in the future.[5] The Colegio's motion requesting an order directing payment of dues to the Colegio will be *DENIED.* Whether to pay

4. The First Circuit has repeatedly held that "the acts and omissions of counsel are customarily visited upon the client in a civil case." *Hoult v. Hoult,* 57 F.3d 1, 5 n. 3 (1st Cir.1995). The responsibility for the mistake or neglect must fall on Castellanos, as he is representing himself.

5. The absence of state court proceedings does not revive Castellanos' claim for a declaratory judgment that Law 43 is unconstitutional. It is well settled that compulsory bar membership does not violate the First Amendment. *See Keller v. State Bar,* 496 U.S. 1, 14, 110 S.Ct. 2228, 110 L.Ed.2d 1 (1990). To the extent that Castellanos argues that Law 43 is unconstitutional as applied to him because he is at risk of being targeted by the federal government as a "person of interest" by virtue of his compulsory membership in the Colegio (an organization which he alleges has terrorist ties), there is no case or controversy for the court to adjudicate. Article III limits a federal court's jurisdiction to justiciable cases. *See Allen v. Wright,* 468 U.S. 737, 750–751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). To establish standing to bring suit, a plaintiff must show that a justiciable issue exists and that he has a personal stake in its resolution. *Becker v. Fed. Election Comm'n,* 230 F.3d 381, 384–385 (1st Cir.2000). The injury must at the very least be "distinct and palpable," and not "abstract," "conjectural," or "hypothetical." *Id.* at 398 (Torruella, C.J., concurring). Here, Castellanos has not incurred any actual injury, and the court cannot find jurisdiction

the mandated bar dues is a decision that Castellanos must make. The court will not presume to make it for him.

### CONCLUSION

For the foregoing reasons, Castellanos' motion for relief from the court's Order of April 6, 2007 is *DENIED.* The stay will be lifted and Count II will be *DISMISSED* without prejudice. The Colegio's motion requesting an order directing payment of dues to the Colegio is *DENIED.* The Clerk is *ORDERED* to return to Castellanos all funds that he has deposited with the court as a substitute for the bar dues assessed against him by the Colegio. The court further understands that by agreement of the parties, the claim(s) against Julio Fontanet were informally stayed pending the resolution of the claims against the Colegio. Within twenty (20) days of the date of this Order, the parties will file an informational motion indicating to the court the status of the claims, if any, that remain against Fontanet.

SO ORDERED.

on the mere (and somewhat farfetched) speculation that he might someday be investigated by federal authorities because of his membership in the Colegio.