# GABRIEL EDDY, Plaintiff
## v.
# VIRGIN ISLANDS WATER AND POWER AUTHORITY, JAMES BROWN, JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, Defendants

Civ. No. 1996-48

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 5, 1997

Jᴀᴍᴇs M. Dᴇʀʀ, Esǫ., St. Thomas, U.S.V.I., *for Plaintiff*

Cᴀᴛʜʏ M. Sᴍɪᴛʜ, Esǫ., St. Thomas, U.S.V.I., *for Defendants*

MOORE, *Chief Judge*

## MEMORANDUM

Defendants filed a motion requesting that the Court reconsider its ruling of February 5, 1997 on defendants' motion to dismiss plaintiff's complaint, or in the alternative, certify the matter for appeal pursuant to 28 U.S.C. § 1292(b). For the reasons set forth in this memorandum, the Court will reconsider its decision and dismiss Count III of plaintiff's complaint. The Court will deny defendants' motion to dismiss Counts IV and V of plaintiff's complaint. Since no novel legal issues remain after dismissing Count III, the Court will deny defendants' motion to certify pursuant to 28 U.S.C. § 1292(b) for interlocutory appellate review. As the facts relevant to the resolution of this matter were adequately detailed in the Court's February 7th Memorandum and Order, the Court will not repeat what has already been set forth.

## I. Plaintiff's Claims

In plaintiff's complaint, the following causes of action were alleged:

(1) negligence (Count I);
(2) intentional misconduct, prima facie tort (Count II);
(3) Fourteenth Amendment violation (Count III);

(4) 42 U.S.C. § 1983 Violation (Count IV); and

(5) intentional infliction of emotional distress(Count V).

At oral argument held on November 22, 1996 on defendants' motion to dismiss, plaintiff withdrew counts I and II, rather than engage in protracted litigation over the issue of workers' compensation exclusivity. In the February 7th opinion of the Court, claims III and V were allowed to proceed as alleged, while claim IV was dismissed against Virgin Islands Water and Power Authority ["WAPA"] since WAPA is not a "person" as that term is used in 42 U.S.C. § 1983. The defendants have asked the Court to reconsider its rulings in regard to Count III on the ground that the Fourteenth Amendment does not create a cause of action separate from 42 U.S.C. § 1983, on Count IV on the ground that the facts brought forth by plaintiff do not allege a constitutional violation, and on Count V on the ground that intentional infliction of emotional distress is barred by workers' compensation exclusivity.

## II. Count III

In Count III of plaintiff's complaint, Mr. Eddy ["Eddy"] attempts to state a claim for relief under the Fourteenth Amendment of the United States Constitution. This claim is best characterized as a claim that WAPA and the individual defendants violated Eddy's substantive due process rights by causing him to sustain injuries from a shock of over 14,000 volts of electricity. Plaintiff asserts that WAPA, as a public corporation, violated his due process rights under color of state law, since WAPA's authority stemmed from its statutory authority granted by 30 V.I.C. §§ 103-05.

In its order of February 7, 1997, the Court found that WAPA's statutory grant of authority was sufficient to satisfy the state action requirement of due process. Additionally, the Court found that the conduct of the defendants was sufficient to 'shock the conscience' of the court, the current test for due process violations. *See, Collins v. City of Harker Heights, Texas,* 503 U.S. 115, 117 L. Ed. 2d 261, 112 S. Ct. 1061 (1992); *Fagan v. City of Vineland,* 22 F.3d 1296 (3d Cir. 1994). The Court also noted, however, that WAPA was not a "person" as that term is used in 42 U.S.C. § 1983. Accordingly, the Court dismissed the section 1983 claim against WAPA, and allowed the Fourteenth Amendment claims to stand since they were

not challenged on the procedural grounds which defendants have now brought forth.

Subsequently, defendants filed a motion to reconsider. This motion asks the Court to dismiss Count III on the ground that 42 U.S.C. § 1983 is the exclusive basis to challenge violations of due process by state actors. Since this issue was not raised in the prior proceedings, the Court will address it in depth.

### A. 28 U.S.C. § 1343

█ This statute was designed to grant the federal courts jurisdiction over civil rights claims, deriving both from the Constitution and from statutes. In regard to due process claims, the applicable section is 28 U.S.C. § 1343(a)(3).[1] While this statute, at first glance, would appear to create a cause of action in and of itself, the Supreme Court has not given it this interpretation, at least not as it applies to section 1983 claims. The Court has held that section 1343(a)(3) "is the jurisdictional counterpart" of the substantive law contained in section 1983. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 613, 60 L. Ed. 2d 508, 99 S. Ct. 1905 (1979). Instead of interpreting section 1343(a)(3) as creating a cause of action separate from section 1983, the Court explained that "the jurisdictional grant [is] now codified in 28 U.S.C. § 1343(a)(3) and the remedy [is] authorized by 42 U.S.C. § 1983." *Id.* at 608; *accord, Fair Assessment in Real Estate Assn. V. McNary*, 454 U.S. 100, 104, 70 L. Ed. 2d 271, 102 S. Ct. 177 (1981).

█ In other words, 28 U.S.C. § 1343(a)(3) is one of two methods of establishing jurisdiction over section 1983 claims.[2] This section is more limited in scope than section 1983, however. Section 1343(a)(3) provides subject matter jurisdiction only over claims based on alleged violations of provisions of the federal Constitu-

---

[1] Section 1343 states in pertinent part:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . .
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . . .

[2] The other vehicle is the general federal question statute, 28 U.S.C. § 1331.

tion that secure rights against those who act under color of state law and over claims arising from federal statutes providing for the protection of "equal rights." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 610, 60 L. Ed. 2d 508, 99 S. Ct. 1905 (1979).[3] Since 28 U.S.C. § 1331 provides the federal courts jurisdiction over all cases involving federal questions without regard to the amount in controversy, the lack of congruence between sections 1983 and 1343(a)(3) may be a distinction without a difference. It is clear, however, that the Supreme Court has interpreted section 1343(a)(3) as a statute granting jurisdiction to the federal courts, while section 1983 grants citizens a remedy for violations of Constitutional and statutory claims. *See, e.g., Chapman* at 610; *Fair Assessment* at 104.

### B. Implied Claims

Plaintiff's complaint also appears to allege a claim implied by law and the Constitution. The Supreme Court recognized in *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971), that a claim for damages against the federal agents could exist for violations of the Fourth Amendment, even where no statute specifically created such a remedy. It is important to note, however, that *Bivens* allowed claims against *federal* officials, not state officials. The Court has also been cautious in expanding the *Bivens* doctrine to vindicate other alleged Constitutional violations.[4]

■■ Mr. Eddy seeks to formulate a *Bivens*-type claim against WAPA and the individual defendants for acting under color of state law. There are several obstacles which will prevent plaintiff

---

[3] Section 1983 provides a remedy for violations of federal statutes by persons acting under color of state law, without the requirement that the statutes protect equal rights.

[4] The Supreme Court expanded *Bivens* claims in *Davis v. Passman*, 442 U.S. 228, 60 L. Ed. 2d 846, 99 S. Ct. 2264 (1979) (Fifth Amendment); *Carlson v. Green*, 446 U.S. 14, 64 L. Ed. 2d 15, 100 S. Ct. 1468 (1980) (Eighth Amendment). The Court refused to recognize *Bivens* claims in *Schweiker v. Chilicky*, 487 U.S. 412, 101 L. Ed. 2d 370, 108 S. Ct. 2460 (1988) (Fifth Amendment due process claim growing out of denial of Social Security disability benefits); *United States v. Stanley*, 483 U.S. 669, 97 L. Ed. 2d 550, 107 S. Ct. 3054 (1987) (constitutional claim alleging injury arising out of activities incident to military service); *Chappell v. Wallace*, 462 U.S. 296, 76 L. Ed. 2d 586, 103 S. Ct. 2362 (1983) (constitutional claim by enlisted naval men against superior officers); *Bush v. Lucas*, 462 U.S. 367, 76 L. Ed. 2d 648, 103 S. Ct. 2404 (1983) (First Amendment claim by federal civil service employee, where Congress carefully developed alternative remedies).

from successfully asserting such a claim. First, the lower courts have held that where plaintiffs have the remedy of 42 U.S.C. § 1983 available to them, implied causes of action under the *Bivens* doctrine are precluded.[5] These decisions are logical since a plaintiff may only maintain a *Bivens* action if no other adequate remedy at law exists. *See Bivens* at 396. The courts have come to this conclusion since a section 1983 action serves a deterrent function, allows punitive damages, provides for a jury trial, and makes state officials subject to law, thereby making a section 1983 action as effective as a *Bivens* remedy. *See, e.g., Ward v. Caulk*, 650 F.2d 1144, 1148 (9th Cir. 1981).

■ ■ Second, even if a *Bivens*-type remedy were proper, the Supreme Court has not allowed *Bivens* claims to be brought against the United States. Instead, such claims may only be brought against individuals in their individual capacities, and not in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 127 L. Ed. 2d 308, 114 S. Ct. 996 (1994); *Holloman v. Watt*, 708 F.2d 1399 (9th Cir. 1983), *cert. denied sub nom Holloman v. Clark*, 466 U.S. 958, 80 L. Ed. 2d 552, 104 S. Ct. 2168 (1984). In this manner, *Bivens* claims parallel the requirement that the defendant come within the definition of a "person" under section 1983.

■ Claims against the United States under the *Bivens* doctrine are barred by sovereign immunity absent a waiver of such immunity. *United States v. Testan*, 424 U.S. 392, 47 L. Ed. 2d 114, 96 S. Ct. 948 (1976). See also *Bivens* at 410 (Harlan, J., concurring). Accordingly, even if a *Bivens*-type claim were proper, it similarly could not be brought against the Government of the Virgin Islands absent waiver of immunity.[6] A waiver of the Eleventh Amendment by congressional action expressly intending such waiver is required

---

[5] *See, e.g., Molina v. Richardson*, 578 F.2d 846 (9th Cir.), *cert. denied*, 439 U.S. 1048, 58 L. Ed. 2d 707, 99 S. Ct. 724 (1978); *Ward v. Caulk*, 650 F.2d 1144 (9th Cir. 1961); *Williams v. Bennett*, 689 F.2d 1370 (11th Cir. 1982), *cert. denied*, 464 U.S. 932, 78 L. Ed. 2d 305, 104 S. Ct. 335 (1983); *Berrios v. Agosto*, 716 F.2d 85 (1st Cir. 1983); *Bretz v. Kelman*, 722 F.2d 503 (9th Cir. 1983); *Latino Political Action Committee v. City of Boston*, 581 F. Supp. 478 (D. Mass. 1984).

[6] Congress has granted sovereign immunity to the Government of the Virgin Islands under of the Revised Organic Act of 1954 § 2(b); 48 U.S.C. § 1541(b). The Revised Organic Act of 1954 is found at 48 U.S.C §§ 1541-1645 (1995), *reprinted in* V. I. CODE ANN., Historical Documents, 73-177 (codified as amended) (1995) ["Revised Organic Act"]. *See, e.g., Nibbs v. Roberts*, 31 V.I. 196 (D.V.I. 1995).

under the enforcement mechanism of the Fourteenth Amendment. *Quern v. Jordan*, 440 U.S. 332, 59 L. Ed. 2d 358, 99 S. Ct. 1139 (1979); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 49 L. Ed. 2d 614, 96 S. Ct. 2666 (1976). Where the Congress has chosen not to enact an enforcement scheme directly addressing the appellant's situation, the state or territory retains its sovereign immunity. Accordingly, plaintiff is precluded from seeking relief under a Fourteenth Amendment claim which he would not be able to obtain under a section 1983 claim. Since Count III is duplicative of Count IV, Count III will be dismissed.

### III. Count IV and Count V

Defendants also ask the Court to reconsider its rulings in regard to Count IV (42 U.S.C. § 1983) and Count V (Intentional Infliction of Emotional Distress. The Court remains unconvinced by defendants' arguments. If the facts as outlined in the February 7th opinion are proved to be true, the Court has no doubt that those facts are sufficient to "shock the conscience" according to the standards set in *Collins v. City of Harker Heights*, 503 U.S. 115, 117 L. Ed. 2d 261, 112 S. Ct. 1061 (1992) and *Fagan v. City of Vineland*, 22 F.3d 1296 (3d Cir. 1994) (en banc). A proven claim that WAPA management sanctioned the catastrophic injuries suffered by Mr. Eddy is certainly sufficient to "shock the conscience" of the Court. Since the Court's opinion of February 7th addressed these standards and the facts of this case in detail, there is no need to repeat the discussion.

Similarly, the Court is not swayed by defendants' arguments that Count V should be dismissed. As the Court noted in its February 7th opinion, intentional torts are excepted from workers' compensation exclusivity provisions. Plaintiff has alleged facts which, if true, could satisfy the requirements for a claim of intentional infliction of emotional distress under Virgin Islands law. At this early stage, the Court is not able to state that the plaintiff will be unable to produce sufficient evidence to meet the elements of an intentional infliction of emotional distress claim against WAPA and the individual defendants, as was discussed in the Court's February 7th opinion. Accordingly, defendants' motion to dismiss Count V will be denied.

## IV. Conclusion

■ Count III of plaintiff's complaint duplicates Count IV, and is simply an attempt to avoid the obstacles involved in claims under 42 U.S.C. § 1983. These obstacles, however, have been upheld by the Supreme Court and the lower federal courts. Additionally, a *Bivens*-type claim is not available to plaintiff, since *Bivens* was designed to remedy constitutional violations committed by federal agents, and 42 U.S.C. § 1983 provides an adequate remedy for state action. Also, there has been no waiver of sovereign immunity by the Government of the Virgin Islands. Accordingly, defendants motion for reconsideration and motion to dismiss Count III will be granted. The Court believes, however, that its decisions on Counts IV and V as articulated in the February 7th order are correct, in that plaintiffs allegations, if proven, are respectively sufficient to "shock the conscience" and satisfy the requirements of intentional infliction of emotional distress. Hence, defendants' motion for reconsideration and motion to dismiss Counts IV and V will be denied. Since the remaining issues involved in the remaining Counts IV and V are not novel or groundbreaking, the Court will deny defendants' motion for certification pursuant to 28 U.S.C. § 1292(b).

ENTERED this 5th day of March, 1997.

### ORDER

For the reason set forth in the accompanying Memoradum, it is hereby

ORDERED that defendants' motion for reconsideration and motion to dismiss COUNT III of plaintiff's complaint is GRANTED. It is also

ORDERED that defendants' motion for reconsideration and motion to dismiss COUNT IV and COUNT V is DENIED. It is further

ORDERED that defendants' motion for certification pursuant to 28 U.S.C. § 1292(b) is DENIED.

ENTERED this 5th day of March, 1997.