**LESLIE L. PAYTON, ESQ., Plaintiff**

**v.**

**PUBLIC DEFENDER ADMINISTRATION BOARD, OFFICE OF THE PUBLIC DEFENDER, VINCENT FRAZER, MARTIAL WEBSTER, and MICHAEL JOSEPH, Defendants**

Civil No. 2006-98

District Court of the Virgin Islands

Division of St. Thomas and St. John

January 22, 2007

733

GEORGE H. HODGE, JR., ESQ., *For the plaintiff.*

MICHAEL A. JOSEPH, ESQ., *In his individual capacity and for the defendant Public Defender Administration Board.*

VINCENT A. FRAZER, ESQ., *Pro Se.*

MARTIAL WEBSTER, ESQ., *Pro Se.*

GOMEZ, *Chief Judge*

## MEMORANDUM OPINION

(January 22, 2007)

Before the Court is the motion of defendants Michael Joseph ("Joseph"), the Public Defender Administration Board ("PDAB"), and Vincent Frazer ("Frazer") (collectively, the "Moving Defendants") to dismiss the complaint of Leslie Payton ("Payton") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Rule 12(b)(1)" and "Rule 12(b)(6)," respectively). For the reasons stated below, the Court will grant the motion to dismiss.

## I. FACTS

From 1990 to 1998 and from 1999 to the present, Payton has been employed as an attorney with the Virgin Islands Office of the Public Defender ("OPD"), a quasi-independent governmental agency. Title 5 section 3522 of the Virgin Islands Code ("Section 3522") states that the attorneys of the OPD shall serve at the will of the PDAB, a governing body created and authorized by the same statute to hire and terminate all personnel of the OPD. V.I. CODE ANN. tit. 5, § 3522 (1992). The OPD has created a Territorial Public Defenders Office Manual (the "OPD

Office Manual," or the "Manual"), which states that all OPD employees[1] serve at the pleasure of the PDAB and the Chief Public Defender. The OPD Office Manual also sets forth some examples of grounds for suspension or termination.[2] The manual also describes a grievance process for OPD employees, which requires written notice to the employee of the charges against him and review of the facts of the problematic situation by the Chief Public Defender, followed by a recommendation regarding the type of disciplinary action, if any, that should be taken.[3]

Around April 2006, Payton filed suit in the Superior Court of the Virgin Islands (the "Superior Court"), alleging defamation against the PDAB, two of its members individually, the Chief Public Defender, and an investigator in the OPD.

On approximately May 1, 2006, Payton notified the Defendants[4] in writing of his intent to retire beginning September 29, 2006.

In a letter dated June 7, 2006, Joseph informed Payton that on May 11, 2006, he, Frazer, and Martial Webster ("Webster") had voted to place Payton on administrative leave without pay from June 9, 2006, through

---

[1]    The Manual defines employee as "everyone employed at the Office of the Territorial Public Defender."

[2]    Section 8.1(c) of the Manual states that:

An employee may be suspended without pay when he/she has committed a serious infraction or has continued with the problem, performance, or conduct that the Chief [Public Defender] had a meeting with that employee about.

An attorney may also be suspended or terminated for ill preparation of a case or cases, insubordination, misconduct, ineffective counsel, dishonesty, any violation of the Professional Code of Ethics, failure to appear in court, or arriving in court too late.

[3]    Section 8.2 of the Manual provides that:

Before an employee of the [OPD] can be subjected to disciplinary action he/she must first receive in writing from the Chief [Public Defender] or his immediate supervisor (if applicable), a statement of the charge against him/her which must be filed not later than one (1) week after the occurrence of the incident. ...

...

When a situation occurs that appears to warrant disciplinary action, the Chief [Public Defender] shall conduct a thorough review of the situation and gather facts in order to determine what, if any, action should be taken against the employee.

[4]    The term the "Defendants" refers to all parties named as defendants in the caption. This includes Martial Webster ("Webster") and OPD, as well as the Moving Defendants.

September 29, 2006. Joseph further advised Payton not to enter the premises of the OPD without authorization after 12:00 p.m. on June 9, 2006, or he would be treated as a trespasser and his September 29, 2006, date of retirement would be considered the date of his resignation.

Aside from the June 7, 2006, letter, Payton's suspension was effectuated without notice or a hearing. Payton was told only that his suspension was authorized because he was employed on an "at will" basis pursuant to Section 3522.

Payton filed the underlying complaint with this Court on June 22, 2006, alleging that the OPD and PDAB were liable under title 42, section 1983 of the United States Code ("Section 1983") because Frazer, Webster, and Joseph had suspended him without due process of law. The original complaint further alleged that Frazer, Webster, and Joseph were liable in their individual and official capacities under Section 1983 for placing him on administrative leave in retaliation against Payton for filing his defamation suit in the Superior Court, in violation of his due process rights.

On July 28, 2006, before any answer was filed, Joseph and the PDAB moved to dismiss the initial complaint. They contended that the this Court lacked subject matter jurisdiction because the Defendants were not amenable to suit under Section 1983.[5]

Payton, however, amended his complaint on August 2, 2006.[6] The amended complaint (the "Complaint") alleges that Joseph, Frazer, and Webster are liable under Section 1983 in their individual capacities for placing him on administrative leave without pay. The Complaint contends that Joseph, Frazer, and Webster acted under the color of law, and their conduct constituted:

> willful wrongdoing or gross negligence intended to deprive [Payton] of property interests or entitlements to continued employ-

---

[5]  In their first motion to dismiss, Joseph and the PDAB claimed that neither the Territory of the U.S. Virgin Islands nor its officers acting in their official capacities should be considered "persons" under Section 1983.

[6]  Payton was able to amend his initial complaint as a matter of right without leave of the Court, since no responsive pleading had been filed at the time Joseph and the PDAB first moved to dismiss. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("[I]n the typical case in which a defendant asserts the defense of failure to state a claim by motion, the plaintiff may amend the complaint once 'as a matter of course' without leave of court." (citations omitted)).

ment between June 9, 2006, and September 29, 2006, wages, health insurance, and other job related benefits protected under the 14th Amendment. ...

It further alleges that the conduct of Joseph, Frazer, and Webster was the direct and proximate cause of Payton's injuries. Finally, Payton claims that the OPD and the PDAB are vicariously liable for the actions of Joseph, Frazer, and Webster pursuant to Section 3414 of the Virgin Islands Tort Claim Act,[7] V.I. CODE ANN. tit. 33, §§ 3408-3414.

On August 22, 2006, Joseph and the PDAB filed this motion to dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6). Frazer later joined in the motion. The Moving Defendants contend that the Complaint fails to cure the jurisdictional defect in the initial complaint. Accordingly, they argue that the action should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

## II. STANDARDS FOR MOTIONS TO DISMISS

### A. Facial Attacks Under Rule 12(b)(1)

The Moving Defendants argue that the facts alleged in the Complaint do not constitute a violation of Section 1983. Additionally, they have moved to dismiss the Complaint before filing an answer. In considering the Moving Defendants' facial challenge to subject matter jurisdiction under Rule 12(b)(1), all material allegations in the Complaint are taken as true. *See Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977) (explaining that facial challenges contest the sufficiency of the pleadings, whereas factual challenges, which

---

[7] Section 3414 of the Virgin Islands Tort Claim Act provides, in relevant part, that:

Whenever an officer or employee of the Government of the Virgin Islands has been sued in a civil action authorized by statutes of the United States of America and arising out of his employment with the Government of the Virgin Islands, and when the court which heard the case has ruled that said officer or employee acted reasonably and within the scope of his employment, the Government of the Virgin Islands shall pay the amount of the judgment entered against such officer or employee, or the amount of a settlement approved by the Governor of the Virgin Islands; Provided, however, no such payment shall exceed one hundred thousand dollars ($100,000).

V.I. CODE ANN. tit. 33, § 3414 (1980).

"cannot occur until plaintiff's allegations have been controverted," attack the truth of the facts alleged therein); *Taliaferro v. Darby Township Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). Indeed, the "standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Petruska v. Gannon Univ.*, 462 F.3d 294, 299 (3d Cir. 2006).

Under title 28, section 1367 of the United States Code ("Section 1367"), if a district court has subject matter jurisdiction over a party's federal claim, it may also have supplemental jurisdiction over his territorial law claims. Section 1367 provides that:

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (1990). However, district courts may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction . ..." *Id.* at § 1367(c)(3).

## B. Rule 12(b)(6)

In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, all material allegations in the complaint are taken as true, and the court must construe all facts in a light most favorable to the non-moving party. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). Additionally, all reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). The complaint should not be dismissed unless the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wheeler v. Hampton Twp.*, 399 F.3d 238, 242 (3d Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

## III. ANALYSIS

### A. Subject Matter Jurisdiction

The Moving Defendants argue that the Complaint does not allege sufficient facts to invoke this Court's subject matter jurisdiction. The Complaint asserts that subject matter jurisdiction is proper under title 28, section 1343(a)(3) of the United States Code ("Section 1343"), and that the Court may exercise supplemental jurisdiction over its territorial law claims pursuant to Section 1367.

Under Section 1343(a)(3), district courts only have subject matter jurisdiction over claims

> based on alleged violations of provisions of the federal Constitution that secure rights against those who act under color of state law and over claims arising from federal statutes providing for the protection of "equal rights."

*Eddy v. V.I. Water and Power Auth.*, 961 F. Supp. 113, 115, 36 V.I. 200 (D.V.I. 1997) (*"Eddy II"*). Indeed, "section 1343(a)(3) 'is the jurisdictional counterpart' of the substantive law contained in section 1983." *Id.* (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 613, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979)).

Here, Payton alleges that the Defendants infringed upon his constitutional due process rights, in violation of Section 1983. Accordingly, if the Complaint has properly stated a Section 1983 claim against Joseph, Frazer, and Webster, this Court will have subject matter jurisdiction pursuant to Section 1343(a)(3).

### 1. Persons Amenable to Suit Under 42 U.S.C. § 1983

The Complaint charges Joseph, Frazer, and Webster—in their individual capacities—with violating Section 1983. Payton does not allege a Section 1983 violation against Joseph, Frazer, or Webster in their official capacities, nor against OPD or PDAB.

739

By its own terms, Section 1983 may only be violated by "persons."[8] Virgin Islands government employees acting in their official capacities are not considered "persons" under Section 1983. *Brow v. Farrelly*, 994 F.2d 1027, 1037, 28 V.I. 345 (3d Cir. 1993); *Eddy v. V.I. Water and Power Auth.*, 955 F. Supp. 468, 476, 35 V.I. 441 (D.V.I. 1997) ("*Eddy I*"); *see also Ngiraingas v. Sanchez*, 495 U.S. 182, 110 S. Ct. 1737, 109 L. Ed. 2d 163 (1990) (holding that neither the Territory of Guam nor an officer of the Territory acting in his official capacity were "persons" under Section 1983). Accordingly, "[a] suit for money damages under [Section] 1983 may only be maintained against officers and employees of the Territory of the Virgin Islands individually, in their individual capacities and not in their official capacities ... ." *Eddy I*, 955 F. Supp. at 476.

■ As employees of the Territory of the Virgin Islands being sued in their individual capacities, Joseph, Frazer, and Webster amenable [sic] to suit under Section 1983. *Id.*[9] Accordingly, the allegations in the Complaint are sufficient to show that this Court could have subject matter jurisdiction over Payton's Section 1983 claim against Joseph, Frazer, and Webter [sic], in their individual capacities, pursuant to Section 1343(a)(3).

## B. Elements Required to State a Section 1983 Claim

The Moving Defendants also contend that the Complaint has failed to state a claim upon which relief may be granted under Section 1983.

---

[8]    Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.

[9]    The Moving Defendants argue that Payton failed to cure the jurisdictional defect in the initial complaint when he amended it to bring a Section 1983 claim against Joseph, Frazer, and Webster in their individual capacities rather than their official capacities, citing *Brow v. Farrelly* as support. However, *Brow,* clearly held, as discussed above, that officers of the Virgin Islands government acting in their *official* capacities were not amenable to suit under Section 1983. *Brow*, 994 F.2d at 1037.

■ In order to state a Section 1983 claim against a territorial employee in his individual capacity, a plaintiff must show: (1) that the defendant's conduct violated his federal constitutional or statutory rights, causing the injury complained of; and (2) that the defendant acted under color of law. *Anderson v. Davila*, 125 F.3d 148, 159, 37 V.I. 496 (3d Cir. 1997).

## 1. Deprivation of Rights

Payton claims that Joseph, Frazer, and Webster violated his due process rights under the Fourteenth Amendment. The Court must therefore determine "whether the asserted individual interest ... is encompassed within the Fourteenth Amendment's protection of life, liberty, or property." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Here, Payton asserts a property interest in his continued paid employment with the OPD from June 9, 2006, through September 29, 2006.

■ In order to assert a constitutionally protected property interest in a job, a plaintiff must have a legitimate entitlement to continued employment in that job. *Id.* (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)). As the Supreme Court has explained, "a person clearly must have more than an abstract need or desire for [continued employment]. He must have more than a unilateral expectation of it." *Roth*, 408 U.S. at 577.

■ It is well-settled that "an at-will employee does not have a legitimate entitlement to continued employment because she serves solely at the pleasure of her employer." *Hill v. Borough of Kutztown*, 455 F.3d 225, 235 (3d Cir. 2006) (quoting *Elmore*, 399 F.3d at 282); *see also Chabal v. Reagan*, 841 F.2d 1216, 1223 (3d Cir. 1988). A finding that a plaintiff is an at-will employee establishes that the employee did not have a property interest in the job sufficient to implicate due process concerns. *Elmore*, 399 F.3d at 282 (quoting *Bishop v. Wood*, 426 U.S. 341, 346 n. 8, 96 S. Ct. 2074, 48 L. Ed. 2d 684 (1976)); *see also Robertson v. Fiore*, 62 F.3d 596, 601 (3d Cir. 1995) (per curiam). Whether a territorial government employee is employed on an at-will basis is determined by Virgin Islands law. *See Kelly v. Borough of Sayreville*, 107 F.3d 1073, 1077 (3d Cir. 1997) ("State law creates the property rights protected by the Fourteenth Amendment.").

Pursuant to Section 3522, public defenders "shall be appointed by and serve at the will of the [PDAB]." Despite this Virgin Islands statutory

designation of public defenders as at-will employees, Payton alleges that the OPD Office Manual mandates that he could only be suspended after written notice of the charges against him and a recommendation by the Chief Public Defender. However, Section 2 of the OPD Office Manual states that all OPD employees "serve at the pleasure of the Chief [Public Defender] and/or the [PDAB]." Nowhere does the Manual state that employees shall be suspended or terminated only for cause. The Manual thus reinforces the status of Virgin Islands public defenders as employees at-will, and the fact that it also imposes a procedure for disciplinary action does not detract from this at-will status.

Moreover, even if the procedure imposed by the OPD Office Manual were found to contradict the at-will status of public defenders, an administrative agency cannot override the Virgin Islands statutory designation that the public defenders shall serve at the will of the PDAB unless there is express statutory authority for it to do so. *See Elmore*, 399 F.3d at 282-83 (holding that public employees in Pennsylvania take their jobs on an at-will basis under state law, despite a Pennsylvania local government Personnel and Policy Handbook stating that town workers could only be fired for cause). Payton has not demonstrated that any Virgin Islands law grants the PDAB or the OPD the authority to alter the at-will status of public defenders at the OPD.[10] Therefore, Payton was employed on an at-will basis, notwithstanding any contrary provisions in the Territorial Public Defenders Office Manual.

Because Virgin Islands law dictates that Payton was employed at the will of the PDAB, as a matter of law he has no legitimate entitlement to continued employment. *See Elmore*, 399 F.3d at 282 (holding that a public employee on an at-will basis in Pennsylvania had no legitimate entitlement to continued employment). Payton has failed to assert a property interest sufficient to trigger due process concerns under the

---

[10] Payton interprets title 5, section 3520(b) of the Virgin Islands Code ("Section 3520") as precluding the PDAB from hiring or terminating any personnel or staff except upon the recommendation of the Chief Public Defender. Section 3520(b), however, provides merely that the PDAB "shall hire and be authorized to terminate all personnel and staff for the Office of Public Defender upon the recommendation of the Chief Public Defender." V.I. CODE ANN. tit. 5, § 3520(b) (1992). This provision does not contradict the express terms of Section 3522, which states that public defenders shall "serve at the will of the PDAB," and it certainly does not grant the OPD the authority to mandate otherwise.

Fourteenth Amendment, and has thus failed to state a claim under Section 1983. Accordingly, the Court will dismiss Payton's Section 1983 claims.

## C. Other Claims

Because Payton's only federal claim is dismissed, it is within the sound discretion of the Court to determine whether or not to exercise supplemental jurisdiction over his remaining claims. *Annulli v. Panikkar*, 200 F.3d 189, 202 (3d Cir. 1999) (explaining that the decision to exercise supplemental jurisdiction is reviewed for abuse of discretion, "focusing on whether the dismissal of the pendent claims best serves the principles of judicial economy, convenience, fairness, and comity").

The Court declines to exercise supplemental jurisdiction regarding his remaining claims.

## IV. CONCLUSION

Based on the foregoing, Payton has failed to state a claim upon which relief can be granted under Section 1983. Furthermore, the Court declines to exercise supplemental jurisdiction over the remaining claims. Therefore, the Court will grant the motion to dismiss. An appropriate judgment follows.